## Commonwealth ex rel. v. Wenrich

*Herbert S. Levin,* for Commonwealth.
*Virginia Funk,* for defendant.

REIMEL, J., April 5, 1956.—This was a hearing on a rule for an injunction to restrain defendant, preliminary until hearing, from conducting, operating or maintaining a private convalescent home for the cure of aged, senile, chronic or convalescent men or women and praying that defendant be directed to close the same home and to deliver her present patients either to their closest relatives or friends or to such other proper institution or licensed convalescent or nursing home as each patient may select, under the supervision and with the approval of the Department of Welfare of the Commonwealth of Pennsylvania.

The complaint alleges that defendant to whom a license was issued by the Department of Welfare has fraudulently misrepresented the nature of her home, her competence, accommodations and services, in that she has failed and refused and continues to fail and refuse to provide sufficient and adequate food, heat and attention to said convalescents; she has struck, abused, cursed, neglected and otherwise ill used said convalescents and others lawfully upon the premises; she has been guilty of extreme cruelty to at least one patient, by shackling him alternately to his chair and bed, and, on one occasion, physically pushed him into a tub of scalding water, as punishment for wetting himself while he was thus shackled; she has struck, cursed, abused and failed to pay her employes; she has threatened patients with bodily harm if they failed or refused to endorse or make out checks to her.

A hearing on the rule was held on February 10, 1956, and was completed on February 14, 1956, at the request of one of the attorneys for defendant. At the completion of the hearing the court found that a restraining strap with a lock and key was used by this defendant in the conduct of the home, and that Domenick Fenelli was shackled to the bed and to his chair, that he was a mental patient and was on the

third floor in violation of the law, that Mr. Donnelly who had one leg was refused the use of crutches and was placed on the third floor, that defendant did not maintain a constant or even temperature in this home, that defendant did not pay wages to some 13 practical nurses and wards, that defendant has not installed a sprinkler system as required by law, that defendant has not maintained adequate quantities of food on the premises, that defendant has served only two meals each day to the patients, and that defendant has used profane and licentious language. The court thereupon ordered that a preliminary injunction shall issue restraining and prohibiting defendant until the hearing and perpetually thereafter from conducting, operating and maintaining a private convalescent home for the care of the aged, senile, chronic or convalescent men and women and further, that defendant be directed to close premises 904 South 49th Street and deliver her present patients to their friends or such proper institutions or licensed homes as each patient may select under the supervision and with the approval of the Department of Welfare of the Commonwealth of Pennsylvania.

The court is of the opinion that defendant was ably represented by counsel and that the court granted defendant's counsel an opportunity to present her defense at a recessed hearing on this rule.

The court is of the opinion that although a remedy at law is provided whereby the Commonwealth of Pennsylvania may revoke the license of defendant it is to be noted that this remedy is not available except upon written notice given at least 60 days before such license may be revoked. Equity, therefore, will take jurisdiction of a matter where irreparable harm may be caused by permitting defendant to continue the operation of the home which she conducts.